## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALLIED WORLD NATIONAL
ASSURANCE COMPANY,                    Case No. _____

Plaintiff,

v.

BERKLEY INSURANCE
COMPANY; SAMUEL M. INMAN
III; JOHN F. SMITH; BERNARD M.
GOLDSMITH; WILLIAM O. GRABE;
LAWRENCE DAVID HANSEN;
ANDREAS MAI; JONATHAN
YARON; and ENRICO
DIGIROLAMO,

Defendants.

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff Allied World National Assurance Company ("AWNAC") alleges as
follows for its Declaratory Judgment Complaint against Defendants Berkley
Insurance Company ("Berkley") and certain former directors and officers of
Covisint Corporation (the "D&O Defendants"):

## NATURE OF THE ACTION

1.     This is an action for a declaration that the policy issued by AWNAC to
Covisint Corporation ("Covisint") does not afford indemnity coverage for the
lawsuit captioned *Leslie Murphy v. Samuel Inman, et al.*, Case No. 17-159571, filed

in Circuit Court in Oakland County, Michigan (the "*Murphy* Action"), because the damages sought in the *Murphy* Action do not constitute covered Loss under the policy issued by AWNAC.

## PARTIES

2.     Plaintiff AWNAC is a New Hampshire corporation with its principal place of business in New York.

3.     Defendant Berkley is a Delaware corporation with its principal place of business in Connecticut.  Berkley issued a third-level excess "Side A only" insurance policy to Covisint with a $10 million limit of liability.

4.     Upon information and belief, Defendant Samuel M. Inman, III was a director, President, and Chief Executive Officer of Covisint and is an individual domiciled in California.

5.     Upon information and belief, Defendant John F. Smith was a director of Covisint and Chairman of the Board and is an individual domiciled in Michigan.

6.     Upon information and belief, Defendant Bernard M. Goldsmith was a director of Covisint and is an individual domiciled in Florida.

7.     Upon information and belief, Defendant William O. Grabe was a director of Covisint and is an individual domiciled in Connecticut.

8.     Upon information and belief, Defendant Lawrence David Hansen was a director of Covisint and is an individual domiciled in Florida.

9.     Upon information and belief, Defendant Andreas Mai was a director of Covisint and is an individual domiciled in Michigan.

10.     Upon information and belief, Defendant Jonathan Yaron was a director of Covisint and is an individual domiciled in California.

11.     Upon information and belief, Defendant Enrico Digirolamo was Chief Financial Officer of Covisint and is an individual domiciled in Michigan.

## JURISDICTION AND VENUE

12.     This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57 that seeks a binding declaration and such other relief as may be necessary and proper.

13.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  As shown in the above paragraphs, there is complete diversity of citizenship between the parties.  The amount in controversy exceeds $75,000, exclusive of costs and interest.

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants Smith and Mai are residents of Michigan and the *Murphy* Action was litigated in a Michigan Circuit Court located within this District.

## GENERAL ALLEGATIONS

### The *Murphy* Action

15.     The *Murphy* Action was filed on June 30, 2017, in Michigan Circuit Court in Oakland County.

16.     A Second Amended Complaint ("*Murphy* SAC") was filed on February 17, 2023, and was the operative complaint in the *Murphy* Action at the time the *Murphy* Action settled.  A true and complete copy of the *Murphy* SAC is attached as Exhibit A.

17.     The *Murphy* Action is a putative shareholder class action brought by Leslie J. Murphy and Vincent J. Martin, III, individually and on behalf of all other similarly situated former Covisint shareholders, against the D&O Defendants for breach of fiduciary duties in connection with OpenText Corporation's ("OpenText") acquisition of all outstanding stock of Covisint.  *Murphy* SAC ¶ 1.

18.     The *Murphy* SAC alleges that on June 5, 2017, Covisint announced that it had entered into a definitive Agreement and Plan of Merger ("Merger Agreement") whereby OpenText would acquire all of the outstanding shares of Covisint common stock and Covisint shareholders would receive $2.45 in cash ("Merger Consideration") for each outstanding share of common stock they owned.  *Id.* ¶ 3.

19.     The *Murphy* SAC asserts that Covisint's flawed sales process and the D&O Defendants' self-interested actions resulted in a grossly inadequate sale price that was "fundamentally unfair" to Covisint's former public shareholders.  *Id.* ¶ 4; *see, e.g.*, ¶¶ 5, 7-8, 10, 13, 18, 42-50.

20.     The *Murphy* SAC asserts as its sole cause of action a count for breach of fiduciary duties against the D&O Defendants.  *Id.* ¶¶ 170-177.

4

21.     The *Murphy* SAC's sole count alleges that as a result of the D&O Defendants alleged breach of fiduciary duties, the putative class members have been "unfairly deprived . . . of the true value of their investment in Covisint."  *Id.* ¶ 172.

22.     The *Murphy* SAC further alleges that the putative class members have "suffered damages, in that they have not and will not receive fair consideration for their shares, and have been and will be prevented from obtaining a fair price for their common stock, and were unable to make an adequately informed decision concerning whether or not to vote in favor of the Merger Agreement."  *Id.* ¶ 176.

23.     The *Murphy* SAC alleges that as of the record date, there were approximately 40.9 million shares of Covisint common stock (*Id.* ¶ 166) and alleges that Covisint shareholders suffered per share damages of at least $0.05 (*Id.* ¶ 84) and up to $1.52 (*Id.* ¶ 5), placing the putative class's alleged damages in the millions.

### The Covisint Insurance Tower

24.     Wesco Insurance Company ("Wesco") issued claims-made Euclid Exec Insurance Policy No. EUW141897900 to Covisint with a **Policy Period** of October 31, 2016 to October 31, 2017 (the "Wesco Policy").  *See* Wesco Policy, General Declarations, Item 2.[1] A true and complete copy of the Wesco Policy is attached as Exhibit B.

---

[1] Terms in bold are defined in the insurance policies.

25.     The Wesco Policy has a per coverage element and aggregate $5 million limit of liability.  *See* Wesco Policy, General Declarations, Item 3.

26.     AWNAC issued claims-made Excess Directors & Officers Liability Insurance Following Form Policy No. 0310-4023 to Covisint with a **Policy Period** of October 31, 2016 to October 31, 2017 (the "AWNAC Policy").  *See* AWNAC Policy, Declarations, Item 2.  A true and complete copy of the AWNAC Policy is attached as Exhibit C.

27.     The AWNAC Policy contains a $5 Million Limit of Liability, excess to and only applicable after complete exhaustion of the Wesco Policy's $5 Million Limit of Liability.  *See id.*, Items 3-4.

28.     The AWNAC Policy's Insuring Agreement incorporates the terms and conditions of the primary Wesco Policy unless otherwise stated.  *Id.,* § I., F.

29.     As relevant to this matter, the Wesco Policy includes a Directors and Officers and Public Company Liability Coverage Element ("D&O Element").  *See* Wesco Policy, D&O Element Declarations.

30.     The D&O Element includes the Individual Insurance Coverage Insuring Agreement as Coverage A:

> The **Insurer** shall pay **Loss** of an **Individual Insured** arising from a **Claim** first made against such **Individual Insured** during the **Policy Period** or the Extended Reporting Period, if applicable, for any actual or alleged **Wrongful Act** of such **Individual Insured**, except when

and to the extent that a **Company** has indemnified the **Individual Insured** for such **Loss**.

Wesco Policy, D&O Element, § I.

31.     The D&O Element defines **Loss** in relevant part as:

1.     the amount that any Insured becomes legally obligated to pay in connection with any covered **Claim**, including, but not limited to:

   (i)     judgments (including pre-judgment and post-judgment interest on any covered portion thereof) and settlements; and

   (ii)    damages, including punitive or exemplary damages and the multiple portion of multiplied damages relating to punitive or exemplary damages. The enforceability of this subparagraph shall be governed by such applicable law that most favors coverage for such punitive, exemplary and multiple damages;

2.     **Defense Costs** which the insured is legally obligated to pay, including any plaintiffs' attorney fees as part of a covered judgment or settlement[] . . . .

Wesco Policy, D&O Element, § II, as amended by Endorsement No. 4.

32.     However, **Loss**, as defined in the Wesco Policy's D&O Element, other than **Defense Costs**, expressly does not include, *inter alia*:

6.     any amount representing the increase in price or consideration where the **Claim** involves allegations that the price or consideration paid or offered to be paid for a merger, consolidation or acquisition of all or a majority of stock issued by or assets owned by any person or entity is inadequate or unfair . . . .

*Id.*

33.   The provision described above in paragraph 32 is commonly referred to as a "bump-up exclusion."

34.   The AWNAC Policy incorporates the Wesco Policy's bump-up exclusion.

35.   The Side-A insurance policy Berkley issued does not incorporate the bump-up exclusion.

### The Coverage Dispute and the Resolution of the *Murphy* Action

36.   The only insuring agreement in the Wesco Policy that affords any potential coverage for the *Murphy* Action is the Individual Insurance Coverage Insuring Agreement.

37.   Wesco and AWNAC have consistently taken the position that the policies they issued do not afford any indemnity coverage for the *Murphy* Action because any settlement of or judgment in the *Murphy* Action would not constitute **Loss**.

38.   By letter dated December 2, 2022, Wesco supplemented its prior reservations of rights and reiterated to counsel for the D&O Defendants that Wesco reserved its rights to deny indemnity coverage for the *Murphy* Action on several grounds, including that any settlement or judgment would not constitute **Loss**.

39.   On December 19, 2022, AWNAC issued a supplemental coverage letter, expressly incorporating Wesco's coverage analysis and reservations of rights,

including the reservation that there is no indemnity coverage for the *Murphy* Action because any settlement or judgment would not constitute **Loss**.

40.     Counsel for the D&O Defendants advised AWNAC that they disagreed with AWNAC's position and asserted that AWNAC should contribute toward any settlement of the *Murphy* Action.

41.     Wesco paid the D&O Defendants' **Defense Expenses** in the *Murphy* Action under the Individual Insurance Coverage Insuring Agreement, subject to a reservation of rights, until it exhausted the Wesco Policy's limits through the payment of **Defense Expenses**.

42.     Upon exhaustion of the Wesco Policy, AWNAC paid the remaining **Defense Expenses** in the *Murphy* Action under the Individual Insurance Coverage Insuring Agreement, subject to a reservation of rights.

43.     After a Spring 2024 mediation, the parties to the *Murphy* Action reached a settlement.  On April 17, 2024, a notice of settlement was filed in the *Murphy* Action stating that a $9 million settlement has been reached.  A true and complete copy of the Stipulation and Agreement of Compromise, Settlement and Release is attached as Exhibit D.

44.     Berkley, which issued a Side-A policy that does not contain a bump-up exclusion, agreed to fund the $9 million *Murphy* Action settlement.

45.     After agreeing to fund the $9 million *Murphy* Action settlement, Berkley told AWNAC that Berkley: (i) disagrees with AWNAC's coverage position; (ii) believes AWNAC is responsible for the portion of the settlement amount within AWNAC's limits; and (iii) will pursue AWNAC—either directly or through the D&O Defendants—for the portion of the settlement amount within the AWNAC Policy's limits.

46.     AWNAC rejected Berkley's demand for contribution toward the settlement amount.

47.     On October 16, 2024, after hearing and notice, the court in the *Murphy* Action entered an Order and Final Judgment granting final approval of the proposed *Murphy* Action Settlement.  A true and complete copy of the Order and Final Judgment is attached as Exhibit E.

48.     On October 17, 2024, the *Murphy* Action was dismissed with prejudice. A true and complete copy of the *Murphy* Action's docket reflecting the dismissal is attached as Exhibit F.

49.     Upon information and belief, Berkley has funded the $9 million *Murphy* Action settlement.

50.     There is an ongoing actual dispute between the parties concerning whether the AWNAC Policy affords indemnity coverage for the *Murphy* Action.

## COUNT I
## DECLARATORY JUDGMENT AGAINST
## ALL DEFENDANTS THAT THE AWNAC POLICY
## <u>DOES NOT AFFORD INDEMNITY COVERAGE HERE</u>

51.     AWNAC repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

52.     The Wesco Policy's D&O Element Individual Insurance Coverage Insuring Agreement only affords coverage for **Loss** as defined in the Wesco Policy. *See* Wesco Policy, D&O Element, § I.

53.     The definition of **Loss** specifically excludes, except as to **Defense Costs**, "any amount representing the increase in price or consideration where the **Claim** involves allegations that the price or consideration paid or offered to be paid for a merger, consolidation or acquisition of all or a majority of stock issued by or assets owned by any person or entity is inadequate or unfair[] . . . ." *See* Wesco Policy, D&O Element, § II, as amended by Endorsement No. 4.

54.     The AWNAC Policy follows the Wesco Policy's definition of **Loss**.

55.     The *Murphy* Action alleges that the share price OpenText paid to Covisint's shareholders to acquire Covisint's stock was "inadequate" and "unfair." *See*, *e.g.*, *Murphy* SAC ¶¶ 4-8, 13, 15, 18, 39, 45-46, 50-51, 84, 108-10, 135, 164, 172, 174.

56.     The only damages sought in the *Murphy* Action represent an increase in price or consideration for the Covisint shares owned by the putative class members. *See id.* ¶¶ 20, 172, 176.

57.     Because the only damages claimed in the *Murphy* Action are specifically excluded from the definition of **Loss** in the Wesco Policy's D&O Element, the $9 million *Murphy* Action settlement amount does not constitute **Loss** and, therefore, is not covered by the AWNAC Policy.

58.     The definition of **Loss** includes plaintiffs' attorneys' fees *only if* those fees are "part of a covered judgment or settlement[] . . . ." *See* Wesco Policy, D&O Element, § II, as amended by Endorsement No. 4.

59.     No coverage exists for the plaintiffs' attorneys' fees awarded in the *Murphy* Action because such plaintiffs' attorneys' fees were not part of a covered settlement.

60.     Because of the foregoing, AWNAC is entitled to a declaration that the AWNAC Policy does not afford any indemnity coverage for the *Murphy* Action settlement.

61.     Along with seeking the declaratory judgment identified above, AWNAC continues to reserve its right to deny coverage under the AWNAC Policy for the *Murphy* Action settlement amount under all other provisions of the Wesco Policy and the AWNAC Policy and under applicable law.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Allied World National Assurance Company requests the following relief:

(a)     A judgment declaring that the AWNAC Policy does not afford any indemnity coverage for the *Murphy* Action settlement; and

(b)     Such other and further relief as the Court deems just and proper.

**DYKEMA GOSSETT PLLC**

By: */s/Andrew J. Kolozsvary*
        Andrew J. Kolozsvary (P68885)
        400 Renaissance Center
        Detroit, Michigan 48243
        313-568-6800
        akolozsvary@dykema.com

        Brent H. Olson (Admitted in E.D. Michigan)
        1301 K St., NW, Suite 1100 West
        Washington, DC 20005
        202-906-86042
        bolson@dykema.com

        *Attorneys for Plaintiff*